IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No: 5:22-CV-00412-M

| | |
|---|---|
| MARY KATHERINE BIR, <br><br> Plaintiff, <br><br> v. <br><br> MCKESSON CORPORATION and MCKESSON MEDICAL-SURGICAL, INCORPORATED, <br><br> Defendants. | ORDER |

This matter comes before the court on Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Motion to Strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure [DE 16 (respectively, the "Motion to Dismiss" and the "Motion to Strike")]. For the reasons that follow, the Motion to Dismiss is granted and the Motion to Strike is denied.

I. **Background**

A. Plaintiff's Statement of Facts

The following are relevant factual allegations (as opposed to statements of bare legal conclusions, unwarranted deductions of fact, or unreasonable inferences) made by Plaintiff in the Complaint (DE 1), which the court must accept as true at this stage of the proceedings pursuant to *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Plaintiff is a former employee of Defendant McKesson Medical-Surgical. DE 1 at 7. Relevant here, Plaintiff began working remotely at the outset of the COVID-19 pandemic. *Id.* at

8. Approximately 18 months later (when Plaintiff still worked remotely), Defendants instituted a COVID-19 vaccination policy for U.S.-based employees, although employees could "request medical or religious accommodations from the mandate." *Id.* at 9-10.

Plaintiff thereafter requested a religious exemption from the vaccination policy. *Id.* at 10. A representative of Defendants interviewed Plaintiff regarding her exemption request. *Id.* at 11. Ultimately, Defendants denied Plaintiff's request on the grounds that it would create an undue hardship for Defendants. *Id.* at 12. Defendants placed Plaintiff on unpaid leave, and informed her that, unless she could demonstrate proof of vaccination within six weeks, she would be terminated. *Id.* at 13.

Plaintiff did not provide proof of vaccination. *Id.* So, Defendants terminated her on December 31, 2021. *Id.* Approximately five weeks later, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). DE 18-1 at 2.

B.  Procedural History

Plaintiff initiated this action on October 9, 2022, by filing the Complaint, alleging religious discrimination (due to Defendants' failure to provide reasonable accommodations to its COVID-19 vaccination policy), religious discrimination (due to Defendants' disparate treatment of similarly situated employees), and retaliation, all in violation of Title VII of the Civil Rights Act of 1964, as amended. *See* DE 1 at 23-33. In response, Defendants filed the Motion to Dismiss seeking dismissal of Plaintiff's retaliation claim under Rule 12(b)(6). DE 16 at 1. That filing also includes the Motion to Strike. *See id.*

In support of the Motion to Dismiss, Defendants contend that "Plaintiff failed to exhaust her administrative remedies with respect to her Title VII retaliation claim." *Id.* at 1-2. In support of the Motion to Strike, Defendants raise several arguments, including that certain of the

2

Case 5:22-cv-00412-M-RN   Document 29   Filed 09/13/23   Page 2 of 12

"documents and materials [referenced in the Complaint] contain immaterial, impertinent, and scandalous matter, which have no bearing upon the subject matter of the litigation, do not pertain, and are not necessary, to the legal issues in this case, and are prejudicial to Defendants." *Id.* at 2. Plaintiff responds to the Motion to Dismiss by arguing that she administratively exhausted her retaliation claim, because it "is reasonably related to her underlying EEOC Charge of Discrimination." DE 21 at 6 (internal quotation marks omitted). As for the Motion to Strike, Plaintiff responds that "the challenged portions are highly relevant to Plaintiff's religious discrimination claims and were necessary to establish and support [certain of] Plaintiff's assertions." *Id.*

Defendants reply that Plaintiff failed to respond to certain of their arguments and failed to meaningfully rebut other arguments. *See generally* DE 25. The court is now fully apprised.

## II. Legal Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule does not require "detailed factual allegations," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), but the allegations must cross the threshold "between possibility and plausibility of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal brackets and quotation marks omitted). Put another way, although the *Iqbal* Court made clear that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, [the Rule] does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the well-pleaded factual allegations contained within the pleading and must draw all reasonable inferences in the plaintiff's favor. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). In

3

that regard, "[a] motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Also, at the motion to dismiss stage, the court may consider the complaint, as well as any materials "integral to and explicitly relied on in the complaint." *Copeland v. Bieber*, 789 F.3d 484, 490 (4th Cir. 2015). If the court's review goes beyond those materials, "the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d).

**III.   Analysis**

For the reasons that follow, the court finds that Plaintiff's retaliation claim is not reasonably related to her EEOC charge of discrimination. The court further finds that Defendants have not met their burden to support striking content from the Complaint.

A.   Motion to Dismiss

Defendants move to dismiss Count III of the Complaint on the grounds that Plaintiff failed to include allegations of retaliation in her administrative charge to the EEOC. Plaintiff responds that the allegations in the administrative charge reasonably relate to her retaliation claim, warranting denial of the Motion to Dismiss. The court agrees with Defendants.

"The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). "[A] plaintiff fails to exhaust [] administrative remedies where . . . [the] administrative charges reference different . . . discriminatory conduct than the central factual allegations in [the] formal suit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005). For example, a charge that describes retaliation does not license a subsequent claim for direct discrimination. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009*), abrogated on other grounds by Fort Bend Cnty., Texas v. Davis*, 139

4

S. Ct. 1843 (2019); *see also Steward v. Gwaltney of Smithfield, Ltd.*, 954 F. Supp. 1118, 1122–23 (E.D. Va. 1996) (holding that, although "retaliation discrimination claim is similar to [] race discrimination claim in their animus, the fact that [plaintiff] listed [one] on the EEOC charge would not lead the EEOC to investigate [the other]"), *aff'd*, 103 F.3d 120 (4th Cir. 1996). Even so, "the exhaustion requirement should not become a tripwire for hapless plaintiffs." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). As a consequence, courts may deem claims administratively exhausted so long as they "are reasonably related to [the] EEOC charge and can be expected to follow from a reasonable administrative investigation." *Smith v. First Union Nat. Bank*, 202 F.3d 234, 247 (4th Cir. 2000).

A plaintiff pursuing a claim for Title VII retaliation must allege engagement in a protected activity, adverse employment action, and a causal connection between the two. *See Parker v. Ciena Corp.*, 787 F. App'x 817, 820 (4th Cir. 2019). A causal connection means that the employer took an adverse employment action "*because* the plaintiff engaged in a protected activity." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (emphasis in original). At the motion to dismiss stage, a plaintiff does not need to plead specific facts demonstrating a prima facie case. *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 584 (4th Cir. 2015). Accordingly, courts properly review claims for Title VII retaliation at this stage under Rule 8's standards, *see Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002), which still require more than "naked assertion[s devoid of] further factual enhancement," *Twombly*, 550 U.S. at 557.

Here, the Complaint contends that Defendants retaliated against Plaintiff for requesting a religious exemption from Defendants' COVID-19 vaccination policy by placing her on unpaid

5

leave. *See* DE 1 at 31-32.[1] This retaliation claim is not reasonably related to Plaintiff's EEOC charge, which states (in full) that:

> McKesson Corporation denied my Religious Accommodation/Exemption request. They do not offer testing, masking, or take into account antibodies. Although I have been doing my job successfully since COVID 19 shutdown, they say I will cause them undue hardship. ***I am on unpaid leave of absence until Dec. 31, 2021 and if not vaccinated by then, I will be terminated for not getting vaccine.*** There were other employees in my exact same situation who at the end of 2021, were offered their positions back and were back paid in the beginning of 2022 for time lost. I have worked out of my home during my tenure with the company. To the best of my knowledge no other employee in NC was allowed to return to work who was [sic] not received the vaccine. My job required me to travel, but I had never been required to perform that task. Others in the job were required to do limited travel and I have not traveled in the position prior to COVID. I feel that I have been discriminated against due to my 'sincerely held' religion of Christian does not allow me to take the vaccine. I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

DE 18-1 at 2 (emphasis added).[2] Fairly read, Plaintiff's EEOC charge describes alleged religious discrimination by Defendants' refusal to provide reasonable accommodations ("[t]hey do not offer testing, masking, or take into account antibodies"), as well as alleged disparate treatment from other employees ("other employees in my exact same situation . . . were offered their positions back and were back paid in the beginning of 2022 for time lost"). *See id.*

Although the EEOC charge repeatedly references religious discrimination, "[t]he plain language of the EEOC charge does not explicitly describe or allege retaliation." *Johnson v.*

---

[1] Although not entirely clear, the Complaint arguably seeks to describe other forms of "retaliation," including that, after Plaintiff requested an exemption, Defendants subjected Plaintiff "to its sham process, using a third party to seek information from [her]," DE 1 at 32, and that Defendants "pressured [Plaintiff] to capitulate and get the COVID-19 vaccine," *id.* But these allegations are noticeably absent from Plaintiff's EEOC charge, *see Chacko*, 429 F.3d at 506, and neither rises to the level of an adverse employment action, which is generally one that a reasonable employee would consider "***materially*** adverse," *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (emphasis added); *see also Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019) (interpreting *Burlington* for proposition "that only significant harms would be actionable"). As a result, the Court will proceed in evaluating Plaintiff's retaliation claim based on the allegation that Defendants retaliated against Plaintiff for seeking an exemption by placing her on unpaid leave. *See* DE 1 at 32 (alleging that Defendant "imposed the period of unpaid leave with the intent to punish those who sought religious accommodation"); *see also* DE 21 at 16 (describing adverse employment actions as "coercive threats" and imposition of "unpaid leave").

[2] The parties agree that the court may consider this document for purposes of the Motion to Dismiss, because it is "integral to and explicitly relied on in the complaint." *Copeland*, 789 F.3d at 490.

*Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560, 571 (E.D. Va. 2009). To the contrary, the EEOC charge indicates that Plaintiff was placed on unpaid leave not because she submitted a request for exemption from Defendants' vaccination policy, but rather because she had not complied with said policy. *See* DE 18-1 at 2 (describing period of unpaid leave as predicated on fact that Plaintiff was "not vaccinated"). The charge thus disclaims any causal connection between Plaintiff's exemption request (protected activity) and her placement on unpaid leave (adverse employment action). *See Parker*, 787 F. App'x at 820; *Holland*, 487 F.3d at 218. The Complaint's bare assertion to the contrary, absent any "further factual enhancement," does not suffice. *See Twombly*, 550 U.S. at 557.

This conclusion finds further support in Defendants' letter to Plaintiff denying her exemption request (which Plaintiff attached to her Complaint and the court may consider, *see Copeland*, 789 F.3d at 490), noting that her "request "has been denied" and that "[p]ursuant to [Defendants'] COVID-19 Protocol . . . [Plaintiff] must provide proof of full vaccination. *Otherwise*, [she] will be . . . placed on an unpaid leave of absence." DE 1-2 at 2 (emphasis added). Taken together, Plaintiff's EEOC charge of discrimination and Defendants' letter discredit the notion that unpaid leave served as a sanction for requesting an accommodation, rather than as a consequence of noncompliance with the policy for which Plaintiff sought an accommodation and was denied. Accordingly, Plaintiff's formal claim in this suit that Defendant retaliated against her for seeking an exemption by placing her on unpaid leave contradicts the factual contentions in the EEOC charge, and is therefore not "reasonably related to [the] charge and c[ould not] be expected to follow from a reasonable administrative investigation." *Smith*, 202 F.3d at 247. As a result, the Court will grant the Motion to Dismiss due to Plaintiff's failure to exhaust administrative remedies for her Title VII retaliation claim.

7

B.  Motion to Strike

Defendants also move to strike various passages in the Complaint, as well as materials referenced in and attached to the Complaint. *See* DE 17 at 8-18. "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking material from pleadings represents a drastic remedy, which causes courts to view "Rule 12(f) motions . . . with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Put another way, "the standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). In light of that standard and burden, courts "view the [portion of the] pleading under attack in a light most favorable to the pleader," *M.T. ex rel. Hayes v. Medley*, No. 14-CV-0424, 2014 WL 1404527, at *1 (D. Md. Apr. 9, 2014), and generally deny motions to strike absent some showing "of significant prejudice to one or more of the parties to the action," *Bailey v. Fairfax Cnty., Virginia*, No. 1:10-CV-1031, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010); *accord Staley v. McDonough*, No. 1:22-CV-317, 2023 WL 5021196, at *5 (M.D.N.C. Aug. 7, 2023) ("District courts do not grant Rule 12(f) motions unless the moving party shows prejudice"); *Godfredson v. JBC Legal Grp., P.C.*, 387 F. Supp. 2d 543, 548 (E.D.N.C. 2005) (same).

With those principles in mind, the court finds Defendants have not advanced any argument in support of striking materials from the Complaint that meets their burden. First, Defendants contend that the court should strike a declaration attached as an exhibit, as well as two paragraphs from the Complaint that reference the declaration, because those materials discuss COVID-19 vaccination policy accommodations at a different company and, therefore, are immaterial to this dispute. DE 17 at 9-11. But immateriality within the context of Rule 12(f) motions to strike requires a showing that the content "clearly can have no possible bearing on the subject matter of

8

the litigation." *Swift Beef Co. v. Alex Lee, Inc.*, No. 5:17-CV-176, 2018 WL 792070, at *1 (W.D.N.C. Feb. 8, 2018). The subject matter of this litigation is a COVID-19 vaccination policy, and reasonable accommodations to the same. Defendants have not shown that discussion of accommodations at another company fall so far beyond the bounds of relevance as to constitute immaterial content. *See Alston v. Town of Brookline, Massachusetts*, 321 F.R.D. 41, 44 (D. Mass. 2017) (reminding that decision not to strike certain allegations does not mean that court "endorse[s] any particular allegations as appropriate for in-depth discovery" or that "certain allegations [would be] admissible at trial").

Second, Defendants move to strike various online news sources hyperlinked throughout the Complaint, on the grounds that those sources are not "written instruments that may be incorporated within the pleadings under Rule 10(c) of the Federal Rules of Civil Procedure." DE 17 at 11. But Defendants only conclusorily contend that the linked sources in the Complaint are not written instruments; the case they cite as support addresses a photograph. *See E.E.O.C. v. Bo-Cherry, Inc.*, No. 3:13-CV-00210, 2013 WL 2317724, at *3 (W.D.N.C. May 28, 2013). Moreover, even if the linked sources are not written instruments, Rule 10(c) provides no independent authority for the court to strike them, and Defendants have not developed an argument that the materials are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f).

Further, Defendants misapprehend the command of Rule 10(c), which permits incorporation of written instruments into pleadings, but does not necessarily circumscribe the types of materials a party may attach to a pleading. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (holding more broadly that court may consider "***documents attached or incorporated*** into the complaint" at motion to dismiss stage) (emphasis added); *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (stating same principle); *Copeland*, 789

9

F.3d at 490 (on appeal of dismissal, listening to four songs at issue in copyright infringement suit "because all were integral to and explicitly relied on in the complaint") (internal quotation marks omitted). In any event, and whatever its reach, Rule 10(c) is not implicated where, as here, the court does not need to consider the materials for purposes of the Motion to Dismiss. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116-17 (4th Cir. 2013) (explaining that, at motion to dismiss stage, court may only *consider* complaint, written instruments attached to complaint, and authentic materials integral to complaint, and declining to decide whether affidavit constitutes written instrument because "the district court refused to consider [it]").[3] In sum, Rule 10(c) does not support striking content from the Complaint.

Defendants also assert that the Court should strike the same linked news sources from the Complaint because the information therein is not subject to judicial notice. DE 17 at 13. But Plaintiff has not requested that the court take judicial notice of the contents of those materials, and (to reiterate) the court need not consider the materials for purposes of Defendants' Motion to Dismiss, which principally requires consideration of the EEOC charge. Again, without endorsing any of the disputed contentions and sources, the "court does not find it appropriate while the case is at the pleading stage to engage in a line-by-line evaluation of the relevance [and/or soundness] of certain allegations." *Alston*, 321 F.R.D. at 44; *see also Barden v. Murphy-Brown, LLC*, No. 7:20-CV-85, 2021 WL 965915, at *8 (E.D.N.C. Mar. 15, 2021) (denying motion to strike and explaining that court's task with such motion "is not [to] consider[] whether any [] evidence which might be offered in support [of] the[] allegations would be admissible later in th[e] case").

Defendants next move to strike the same materials on the grounds that "they are . . . scandalous and inflammatory." DE 17 at 16. In that regard, the Motion to Strike concedes that

---

[3] Because the court does not need to examine or rely on the materials at this stage, declining to strike them from the Complaint would not result in any prejudice to Defendants.

10

the "Complaint may not be shown to a jury, [but maintains that, because] the pleading remains a matter of public record[, it] is prejudicial to Defendants because it includes allegations that Defendants knowingly violated the law." *Id.* But the very nature of a complaint is to set forth allegations that some party violated the law. Even if the court struck references to the news sources from the Complaint, allegations that Defendants violated the law would remain. *See generally* DE 1. Accordingly, Defendants have failed to show any "significant prejudice" that would result in the absence of granting the motion to strike, *see Bailey*, 2010 WL 5300874, at *4, and "[d]istrict courts do not grant Rule 12(f) motions unless the moving party shows prejudice," *Staley*, 2023 WL 5021196, at *5.

Lastly, Defendants move to strike certain allegations that they term "legal arguments." DE 17 at 17-18. This argument lacks merit for several reasons, including that (1) it is conclusory, (2) Defendants have not attempted to argue that these allegations are "redundant, immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f); *see also Glasser v. Gov't of Virgin Islands*, 853 F. Supp. 852, 854 (D.V.I. 1994) (contention that certain allegations were legal conclusions did not warrant striking them under Rule 12(f)), and (3) the court does not have to evaluate the disputed allegations for purposes of the Motion to Dismiss. Taken together, and considering the drastic remedy Defendants seek (as well as their sizable burden), the court declines to grant the Motion to Strike on this basis. *See Carlo Bianchi & Co v. City of New York*, 20 F.R.D. 165, 166 (S.D.N.Y. 1957) (denying motion to strike and concluding that, although "[t]he complaint is a long one and, in parts, inclined to a narrative recital of the events," such that "[t]he artful pleader might regard it as prolix and tautological . . ., the defendant has certainly been given notice of [the] claims," and further that "[p]re-trial discovery procedures are available to defendant and it should have no difficulty in clarifying and defining the issues and in preparing adequately for trial").

## IV. Conclusion

The Motion to Dismiss [DE 16] is GRANTED, in that Plaintiff's retaliation claim (Count III) will be dismissed for failure to exhaust administrative remedies. Further, the Motion to Strike [DE 16] is DENIED.

SO ORDERED this 13th day of September, 2023.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE